UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SAMUEL C. PERKINS, § | |
| No. 431599, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL NO. SA-16-CA-75-RP |
| § | |
| SUSAN PAMERLEAU, Sheriff, § | |
| NICHOLAS A. LAHOOD, District § | |
| Attorney, § | |
| BRANDON JACKSON, Asst, Dist. Atty., § | |
| JOANN WOODRUFF, Asst. Dist. Atty., and § | |
| FNU McBAIN, Detective, SAPD, § | |
| § | |
| Defendants. § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Plaintiff's 42 U.S.C. § 1983 Civil Rights Complaint, filed January 20, 2016 (ECF no. 1), and Amended Complaints, filed January 27, 2016 (ECF no. 3) and January 29, 2016 (ECF no. 6). For the reasons set forth below, Plaintiff's claims will be dismissed as frivolous and for failure to state a cause of action under § 1983.

<u>Plaintiff's Claims</u>

On January 20, 2016, Plaintiff filed his original Complaint (ECF no. 1), alleging that (1) on December 19, 2015, he was threatened with arrest by unidentified San Antonio Police Officers, (2) he was thereby forced to leave an unidentified parcel of real property which he had been claiming by adverse possession which was at that time the subject of a civil action in the state courts, and (3) he appeared before a Justice of Peace and was informed to go before a state judicial officer. Plaintiff named as Defendants the Bexar County Sheriff, Bexar County Criminal District Attorney, a pair of Assistant District Attorneys, and a San Antonio Police Detective. Plaintiff did not allege any facts

showing what role, if any, of the named defendants had in the incident on December 19, 2015 which formed the basis for Plaintiff's civil rights claims.

In an amended Complaint filed January 27, 2016 (ECF no. 3), Plaintiff alleged (1) he was experiencing cruel and unusual punishment which being detained at the Bexar County Jail, (2) he had been denied adequate food and adequate medical care for unspecified ailments, (3) he had been threatened by other inmates, (4) unidentified classification officers had refused to take action in response to his complaints, and (5) he was being sexually harassed because he was housed with another inmate and did not enjoy any privacy. Plaintiff did not allege any facts showing any of the named defendants had any role in the matters mentioned in Plaintiff's first amended Complaint.

In an amended Complaint filed January 29, 2016 (ECF no. 6), Plaintiff alleged he was the subject of a criminal charge which arose from or in connection with a civil action then pending in the state courts. Once more, Plaintiff failed to allege any facts showing how any of the named defendants had acted in a manner which violated Plaintiff's federal constitutional rights.

In an Order issued January 29, 2016 (ECF no. 29, 2016 (ECF no. 5), this Court advised Plaintiff his pleadings fail to allege a cause of action against any of the named defendants and were subject to dismissal as frivolous. The Court directed Plaintiff to answer a series of questions seeking to elicit the factual bases for Plaintiff's claims against each of the named defendants. The deadline for responding to this Court's Order on More Definite Statement has expired and Plaintiff has filed no response to this Court's Order on More Definite Statement.

<u>Review Under Rule 12(b)(6), Fed.R.Civ.P.</u>

Title 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss a Complaint if it determines that it fails to state a claim on which relief may be granted. To state a claim, a Plaintiff's allegations

must present "enough facts to state a claim to relief that is plausible on its face," which means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also* FED. R. CIV. P. 8(a), 12(b)(6). "Labels and conclusions, and a formulaic recitation of elements of a cause of action will not do." *Twombly*, 550 U.S., at 555. A conclusory complaint–one that fails to state material facts–may be dismissed as frivolous, *see e.g.*, *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992), or for a failure to state a claim, *see Rios v. City of Del Rio*, 444 F.3d 417, 426 (5th Cir. 2006). Plaintiff's pleadings in this cause are wholly conclusory in nature. He alleges no specific facts showing that any of the named defendants engaged in any clearly articulated behavior which violated Plaintiff's clearly established federal constitutional rights.

Review Under § 1915(e)(2)

When Congress enacted the Prison Litigation Reform Act of 1996, it specifically amended Title 28 U.S.C. § 1915(e) (2) (B) (i) and added new § 1915A to provide that a complaint filed by a prisoner could be dismissed as frivolous regardless of whether any filing fee or portion thereof had been paid. *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998), *cert. denied*, 527 U.S. 1041 (1999). Dismissal of a claim as frivolous under § 1915(e) is permissible where the claim lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (199). As currently presented, Plaintiff's Complaint and Amended Complaints do not entitle him to relief and are frivolous.

Claims Against Sheriff Pamerleau

In his original Complaint, Plaintiff alleges he is currently being held involuntarily in a facility which lacks adequate fire escapes and Plaintiff fears for his life (ECF no. 1). In his first amended Complaint, Plaintiff alleges that he notified unidentified personnel at the Bexar County Adult Detention Center that he has been falsely imprisoned and held against his will (ECF no. 3). In his second amended Complaint, Plaintiff alleges (1) the Sheriff of Bexar County is illegally holding Plaintiff against his will and (2) the current criminal charges pending against Plaintiff arose from the same set of facts which are the subject of a civil lawsuit in state court (ECF no. 6).

It is well-settled that vicarious liability does not apply to § 1983 claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior). Plaintiff does not allege any facts showing Sheriff Pamerleau had any personal involvement in, or personal knowledge of, any of the events described in Plaintiff's Complaint or Amended Complaints, including Plaintiff's allegations he has been denied adequate food, denied adequate medical care, and inadequately protected during his current detention at the Bexar County Adult Detention Center. Likewise, Plaintiff alleges no specific facts showing the Bexar County Sheriff had any personal involvement in Plaintiff's arrest or the filing of a criminal charge against Plaintiff by Bexar County prosecutors. Even assuming Plaintiff's complaint that he is being held against his will was ever communicated to the Sheriff personally, a fact which is not supported by any specific factual allegations now before this Court, Plaintiff has not alleged a cause of action against the Sheriff. Plaintiff acknowledges there is a criminal charge currently pending against him. The Bexar County Sheriff owes Plaintiff no duty to investigate the validity of the criminal charge which forms the basis for Plaintiff's current

pretrial detention. That is a matter for the state courts located in Bexar County. Plaintiff's claims against Sheriff Pamerleau are insufficient to overcome the defense of qualified immunity.

Claims for Injunctive Relief Against Plaintiff's State Criminal Proceedings

Plaintiff's request for injunctive relief from his state prosecution is subject to dismissal under the rule set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 41 (1971) (discussing the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances). "Under the rule set out by the United States Supreme Court in *Younger v. Harris,* federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted." *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004).

> In general, the *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982). If the three prerequisites are satisfied, then a federal court can assert jurisdiction only if "certain narrowly delimited exceptions to the abstention doctrine apply."

*Bice v. Louisiana Public Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012); *Texas Ass'n of Business v. Earle*, 388 F.3d at 519; *Wrightman v. Texas Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996), *cert. denied*, 519 U.S. 1080 (1997).

The *Younger* exceptions are as follows: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived. *Bice v. Louisiana Public Defender Bd.*, 677 F.3d at 716 n.3 (*citing*

5

*Trainer v. Hernandez*, 431 U.S. 434, 446-47 (1977)); *Texas Ass'n of Business v. Earle*, 388 F.3d at 519.  Plaintiff has alleged no facts showing any of the exceptions to the *Younger* abstention doctrine apply to any of the state criminal charges currently pending against him.  Plaintiff's request for injunctive relief directed against the state criminal charges currently pending against him must be dismissed as frivolous.

Claims Against the Prosecuting Attorneys

In his original Complaint and his amended Complaints, Plaintiff complains that criminal charges have been filed against him by the Bexar County Criminal District Attorney and two Assistant District Attorneys, allegedly arising from a set of circumstances which are currently being litigated in a state civil lawsuit.

Plaintiff's Complaint and Amended Complaints do not allege any facts showing Defendants LaHood, Jackson, or Woodruff took any action with regard to Plaintiff other than when acting in the scope of their official duties as prosecutors for Bexar County, Texas.  Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings, i.e, when acting as advocates of the state.  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 & n.33 (1976); *Mowbray v. Cameron County*, 274 F.3d 269, 276 (5th Cir. 2001), *cert. denied*, 535 U.S. 1055 (2002).  Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92 (1991).  Plaintiff's pleadings in this cause fail to allege any facts showing Defendants LaHood, Jackson, or Woodruff had any personal involvement in, or personal knowledge of, any of the events of December, 2015

described in Plaintiff's original Complaint or any of the alleged actions described in Plaintiff's other pleadings in this cause.  Likewise, Plaintiff's pleadings do not allege any specific facts showing any of the prosecuting attorneys named as defendants in this lawsuit ever took any action toward Plaintiff other than when acting within the scope of their duties as prosecuting attorneys.  The decision to file a criminal charge against Plaintiff clearly falls within the discretionary authority protected by the doctrine of absolute prosecutorial immunity.  Plaintiff identifies no legal authority establishing that Bexar County prosecutors were constitutionally prohibited from filing or pursuing a criminal charge against Plaintiff simply because Plaintiff was also a party to a civil lawsuit then pending in the state courts.  Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process.  *See Kalina v. Fletcher*, 522 U.S. 118, 128-29 (1997) (holding a prosecutor is absolutely immune in connection with the initiation of a criminal proceeding except when personally acting as a complaining witness); *Brown v. Lyford*, 243 F.3d 185, 191 (5th Cir. 2001) (holding a prosecutor pro tem (special prosecutor) absolutely immune for conduct before the grand jury), *cert. denied*, 534 U.S. 817 (2001).

Likewise, Plaintiff has failed to allege any specific facts showing any of the prosecutors personally engaged in any conduct which violated Plaintiff's clearly established federal constitutional rights.  Even if the actions about which Plaintiff complains herein were undertaken by the prosecutors without regard to any pending judicial proceeding, the prosecutors are still entitled to the protection afforded by the doctrine of qualified immunity.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Burns v. Reed*, 500 U.S. 478, 495-96 (1991); *Brown v. Lyford*, 243 F.3d at 189-90 (a special prosecutor was entitled to qualified immunity with regard to complaints about his investigation into an alleged offense).  Parties to civil lawsuits are not excused from complying with

state criminal statutes. Nothing in the federal constitutional prevented any of the prosecutors identified by Plaintiff from pursuing a criminal charge or multiple criminal charges against Plaintiff simply because a state civil proceeding was underway in which Plaintiff was a party. Plaintiff's claims against Defendants LaHood, Jackson, and Woodruff are frivolous.

<u>Claims Against Detective McBain</u>

Plaintiff's pleadings allege Detective McBain made unspecified false statements in an affidavit for a warrant. Plaintiff does not allege, however, what statements were false or explain how Plaintiff was harmed by the allegedly false statements made by Detective McBain. Plaintiff does not allege that Detective McBain knowingly made any false statements in the warrant affidavit in question - only that unspecified false statements were included in the affidavit in question. Plaintiff's pleadings do not allege any facts showing Detective McBain violated any of plaintiff's clearly established federal constitutional rights. Even when a state official or other person acting under color of state law engages in constitutionally impermissible conduct, the defendant may nevertheless be shielded from liability for civil damages if the defendant's actions did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Absent some fact-specific allegation that Detective McBain knowingly made false material statements in a warrant affidavit, Plaintiff's pleadings in this cause allege nothing more than ordinary negligence on the part of this Defendant. Ordinary negligence will not support a cause of action under § 1983. Mere negligence by a state official does not give rise to Section 1983 liability. *Daniels v. Williams*, 474 U.S. 327, 332-35 (1986). A showing of merely negligent conduct by an official is also insufficient to overcome the defense of qualified immunity. *Whitley v. Hanna*, 726 F.3d 631. 643 (5th Cir. 2013) ("Actions and

decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and thus do not divest the official of qualified immunity."), *cert. denied*, 134 S. Ct. 1935 (2014); *Zarnow v. City of Wichita Falls, Texas*, 500 F.3d 401, 410 (5th Cir. 2007) (negligence will not support the denial of qualified immunity).  Plaintiff's claims against Detective McBain are frivolous.

Accordingly, it is hereby **ORDERED** that all of Plaintiff's Claims in this action are **DISMISSED** without prejudice as frivolous and for failure to allege a cause of action under § 1983; the Clerk shall transmit a copy of this Memorandum Opinion and Order and the Final Judgment in this cause to the Pro Se Staff Attorney, Attn.: Keeper of the "Three Strikes List," U.S. District Court for the Eastern District of Texas for the Tyler Division, 211 West Ferguson, Tyler, Texas 75702, so this case may be recorded in the "Three-Strikes List."

**It is so ORDERED.**

**SIGNED on February 29, 2016.**

**ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE**